```
Lewis Phon, Bar Number 74907
Law Offices of Lewis Phon
4040 Heaton Court
Antioch, CA 94509

(415) 574-5029 tel
(925) 706-7600 fax

Attorney for Debtors/Plaintiffs
Zenaida and Danut Postolica
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ZENAIDA AND DANUT POSTOLICA,<br><br>        Debtors,<br>_____/ | CASE NO. 2010-51522<br><br>Adversary No. |
| ZENAIDA AND DANUT POSTOLICA,<br>individually and/or<br>as debtors in possession<br>on behalf of the<br>bankruptcy estate,<br><br>      Plaintiffs,<br><br> V.<br><br>St. Joseph Manor for Women and<br>Children, Inc., Steve Wheatley,<br>an individual, Victor Fuery, Jr.,<br>Kenny McPheeters, as administrator<br>for the Estate of Verdie Mae Penn,<br>County of Los Angeles Tax Collector,<br>and Does 1 to 20, Inclusive.<br><br>      Defendants,<br>_____/ | COMPLAINT FOR FORECLOSURE OF<br>REAL PROPERTY, QUIET TITLE,<br>MONETARY DAMAGES AND<br>ATTORNEY FEES AND COSTS |

-1-

1. COMES NOW Plaintiffs, Zenaida and Danut Postolica, individually and as debtors in possession on behalf of their bankruptcy estate, who allege as follows:

2. This complaint is made pursuant to 28 U.S.C. §1334 (a), (b) and (e), 28 U.S.C. § 157 (a) and (b) and 28 U.S.C. §151. This is a core proceeding pursuant to 28 U.S.C. § 157. The debtors request the court to take judicial notice of all prior documents and exhibits filed in this case.

3. Plaintiffs have standing to bring this action as debtors in possession and in their capacity as trustees of their bankruptcy estate.

4. Plaintiffs are informed and believe, and thereon allege that the incidents complained of by Plaintiffs occurred in the County of Los Angeles, California.

5. Defendant, St. Joseph Manor for Women and Children, Inc., is a California corporation that was formed on July 26, 2006 and appears to still be active. Steve Wheatley was designated the agent for service of process for the corporation.

6. Defendant Steve Wheatley controls the corporation, may have an equitable interest in the corporation and may have an indirect interest in the real property.

7. Defendants Victor Fuery, Jr. and Kenny McPheeters, as administrator of the Estate of Verdie Mae Penn are named in this complaint as interested parties who hold the first deed of trust on the real property and who have commenced foreclosure proceedings on the first deed of trust.

8. County of Los Angeles Tax Collector is named in this complaint only as a potentially interested party. Plaintiffs

1 | seek no relief from the Tax Collector.
2 | 9.  The true names and capacities of Defendants DOES 1 through
3 | 20, inclusive, are unknown to Plaintiffs, who therefore sues said
4 | Defendants by such fictitious names.  Plaintiffs will ask leave
5 | of Court to insert the true names of said fictitiously named
6 | defendants when the same becomes known.  Plaintiffs are informed
7 | and believe, and thereon allege, that each of the defendants
8 | designated herein as a DOE is responsible in some manner for the
9 | cause of the incidents which are the subject matter of this
10 | complaint.
11 | 10.  Plaintiffs are informed and believe, and thereon allege,
12 | that at all times herein alleged, each of the defendants was
13 | acting as the agent, servant, partner, joint venturer, employee,
14 | or employer of each of the other defendants, and was acting
15 | within the course and scope of said agency, employment,
16 | partnership, venture, or contract, and with the knowledge,
17 | authorization and ratification of each of the other defendants.
18 | 11.  Plaintiff filed for Chapter 11 protection on or about
19 | February 18, 2010.  Plaintiffs are currently acting as debtors in
20 | possession and as trustees of their bankruptcy estate.
21 | 12.  On or about August 13, 2004, Plaintiffs purchased the real
22 | property commonly known as 9012 E. Avenue, Q-12 and 38146 - 90th
23 | Street, Little Rock, California 93543 from sellers, Victor L
24 | Fuery, Jr. and  Verdie M. Penn for the sum of $750,000.  As a
25 | means to finance part of the purchase, sellers carried back a
26 | first deed of trust in the amount of $650,000 as security for a
27 | note in a similar amount executed by Plaintiffs.
28 | 13.  The property is identified by parcel numbers as: APN 3027-

1 | 017-019 and 3027-017-020 and legally described as:
2 | Parcel 1: Lot 54, IN THE COUNTY OF LOS ANGELES, STATE OF
3 | CALIFORNIA, as shown on record of survey no 1495, filed in book
4 | 59 page 35 of record of surveys, in the office of the county
5 | recorder.
6 | Parcel 2: Lot 53, in the county of Los Angeles, State of
7 | California, as shown on record of survey no. 1495, filed in book
8 | 59 page 35 of record of surveys in the office of the county
9 | recorder of said county.
10 | 14. After the purchase, Plaintiffs developed the property by
11 | investing an additional amount of approximately $350,000.
12 | 15. On or about January 1, 2008, the plaintiffs were able to sell
13 | the property to defendant-buyer, St. Joseph Manor for Women and
14 | Children, Inc., for the sum of approximately $1,800,000. The
15 | Plaintiffs carried back a second deed of trust for $816,000
16 | reflecting a loan for the same amount to the buyer. In addition,
17 | the buyer either assumed the obligations of the first deed of
18 | trust or took the property subject to the first deed of trust.
19 | 16. The second deed of trust was secured by the real property.
20 | 17. Escrow closed on the purchase and the buyer took possession
21 | of the property. However, the buyer never paid on the second
22 | loan and the second deed of trust remains a lien on the real
23 | property.
24 | 18. The Plaintiffs never sought to foreclose on the real
25 | property believing that they would be unable to re-sell the
26 | property for more than their obligation on the first deed of
27 | trust as the property had fallen substantially in value during
28 | the real estate market decline that occurred from 2007 on.

19. Since the filing of the bankruptcy, the debtors believe that the property can be re-developed and re-sold as the current market value of the property is estimated to be valued at $300,000.

20. By separate legal action, the debtors will seek to value the real property for $300,000 upon recovery of this property back to the estate. Therefore, the debtors believe that it is in the best interests of the estate to recover this property and to foreclose on their second deed of trust.

Wherefore, Plaintiffs pray for judgment as follows:

**FIRST CAUSE OF ACTION FOR FORECLOSURE ON THE SECOND DEED OF TRUST.**

**(Against St. Joseph Manor for Women and Children, Inc.)**

Plaintiff re-alleges and incorporates above paragraphs 1 to 18 as if fully set forth below:

21. The second deed of trust held by Plaintiffs is secured by real property commonly known as 9012 E. Avenue, Q-12 and 38146 - 90th Street, Little Rock, California 93543, identified by parcel numbers as: APN 3027-017-019 and 3027-017-020 and legally described as:

Parcel 1: Lot 54, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, as shown on record of survey no 1495, filed in book 59 page 35 of record of surveys, in the office of the county recorder.

Parcel 2: Lot 53, in the county of Los Angeles, State of California, as shown on record of survey no. 1495, filed in book 59 page 35 of record of surveys in the office of the county recorder of said county.

22. The note secured by said deed of trust is in default as the

borrower on the note, St. Joseph Manor for Women and Children, Inc., has made no payments on the note since January 1, 2008.

23. The note called for payments of $5123.53 per month and upon default, the entire balance would be accelerated. The balance has been accelerated and there is now due the sum of $816,000 plus interest at 7.5% per annum from January 1, 2008.

24. As buyer has not paid this sum, Plaintiffs are entitled to foreclose on the second deed of trust and on the real property and to recover their title to satisfy their claim.

Wherefore, plaintiffs pray for judgment as follows:

**SECOND CAUSE OF ACTION FOR QUIET TITLE**

Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 21 of the complaint.

25. Plaintiffs seek to remove the cloud on the title of said real property by the buyer as the buyer, St. Joseph Manor for Women and Children, Inc., holds bare legal title only since the buyer has not paid for the property.

26. Plaintiffs are entitled to have the buyer's name removed from the title and the plaintiffs restored to title.

27. Plaintiffs, as debtors in possession and in their role as trustees, are empowered to use their strong arm powers to void or rescind the sale of the property to buyer and to restore the plaintiffs back on title.

Wherefore, Plaintiffs pray for judgment as follows:

**THIRD CAUSE OF ACTION FOR MONETARY DAMAGES**

**(Against St. Joseph Manor for Women and Children, Inc.)**

Plaintiffs re-allege and incorporate by reference the

allegations contained in paragraphs 1 through 21 of the complaint.

28. The note secured by said deed of trust is in default as the borrower on the note, St. Joseph Manor for Women and Children, Inc., has made no payments on the note since January 1, 2008.

29. The note was executed by Joseph Wheatley on behalf of St. Joseph Manor for Women and Children, Inc., on or about January 1, 2008.

30. The note called for payments of $5123.53 per month and upon default, the entire balance would be accelerated.

31. Because the buyer had defaulted on the payments, the balance due was accelerated and there is now due the sum of $816,000 plus interest at 7.5 per annum from January 1, 2008.

32. The note contains a written clause for payment of attorney fees and costs to the prevailing party in the event suit becomes necessary to enforce the agreement.

33. Wherefore, Plaintiffs pray for judgment as follows:

**FOURTH CAUSE OF ACTION FOR STAY OF FORECLOSURE**

Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 21 of the complaint.

34. Victor Fuery, Jr. and Kenny McPheeters, as administrator for the Estate of Verdie Mae Penn, are holders of the first deed of trust on the real property.

35. Defendants are presently seeking relief from the automatic stay in order to complete their foreclosure against the real property.

36. Defendants should not be allowed relief from stay in that

the plaintiffs are in Chapter 11 and the standard for relief from stay is not whether the Plaintiffs have any equity in the real property but whether Plaintiffs have a reasonable possibility of confirming a Chapter 11 plan.

37. As Plaintiffs have only filed their Chapter 11 case on February 18, 2010, they are still within their exclusivity period to file their plan which does not expire until June 18, 2010.

38. Until it is determined that the Plaintiffs have no reasonable possibility of confirming a plan, the pending foreclosure by defendants must be stayed.

Wherefore, Plaintiffs pray for judgment as follows:

**FIFTH CAUSE OF ACTION FOR A DETERMINATION OF VALUE OF THE REAL PROPERTY**

Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 21 of the complaint.

39. Victor Fuery, Jr. and Kenny McPheeters, as administrator for the Estate of Verdie Mae Penn, are holders of the first deed of trust on the real property.

40. Plaintiffs have an equitable and legal claim against the real property in that they hold a second deed of trust on the property.

41. Plaintiffs are seeking by virtue of this complaint to foreclose on their second deed of trust. Upon the recovery of the real property, plaintiffs will be filing a motion to value the real property.

42. As a matter of judicial efficiency, Plaintiffs request that the court make a determination of the value of the property via

this complaint.

43. It is the plaintiffs' estimate that the real property is worth $300,000.

44. The value of the property will be incorporated into the Plaintiffs' plan.

Wherefore, Plaintiffs pray for judgment as follows:

1. For damages of $816,000 or in an amount according to proof,
2. For recovery of interest accrued on the note.
3. For title restored to plaintiffs,
4. For recovery of the legal and equitable interests in the real property back to Plaintiffs,
4. For the costs of suit herein, including attorney fees, when applicable,
5. For a stay of the pending foreclosure until further order of the court,
6. For a determination of the value of the real property,
7. For such other and further relief as the Court deems just and proper.

DATED: May 4, 2010             /S/ Lewis Phon

                                By:_____
                                    LEWIS PHON, ATTORNEY FOR
                                    Plaintiffs Zenaida and Danut
                                    Postolica

k:\data55\postolica\complaint for quiet title